IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TONY SHANNON WOODY, § | | |
|     Movant § | | |
| § | | |
| V. § | A-09-CA–160-LY | |
| § | (A-07-CR-215(1)-LY) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Clerk's Doc. No. 39) filed March 4, 2009; the Government's Response (Clerk's Doc. No. 38) filed April 30, 2009; and Movant's Reply (Clerk's Doc. No. 39) filed June 1, 2009. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. BACKGROUND**

On November 7, 2007, Movant Tony Shannon Woody ("Woody") was charged in a two-count indictment with: attempting to entice a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (count one); and traveling in interstate commerce with the intent to engage in illicit sexual conduct with a child, in violation of 18 U.S.C. § 2423(b) (count two). On December 17, 2007, Woody entered a plea of guilty to count one of the indictment without a plea agreement. On March

5, 2008, the district court sentenced Woody to a 120-month term of imprisonment, followed by a 15-year term of supervised release, and ordered that Woody pay a $100 mandatory assessment fee, and forfeit to the United States a HP laptop serial number CND6132XW9 and a tan tower-style computer, serial number 10348653JK, model number CSE 1900 - containing three hard drive devices. Woody did not pursue a direct appeal of his conviction and sentence.

On March 4, 2009, Woody filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 alleging that various special conditions of supervised release constitute a violation of his Constitutional rights. Specifically, Woody alleges that: (1) the district court's imposition of job restrictions as a special condition of supervised release violated his statutory and constitutional rights; (2) imposing a "computer ban" as a special condition of his supervised release violated his constitutional and statutory rights; (3) allowing his probation officer and therapist "carte blanche" to impose lifestyle restrictions violated his constitutional and statutory rights; and (4) requiring polygraph testing as a condition of his supervised release violated statutory and constitutional protections.[1]

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws

---

[1] To the extent Petitioner simply wants to modify the conditions of release, rather than challenging the way the condition has been executed, a motion for modification of supervised release under Fed.R.Crim.P. 32.1(b) provides the proper vehicle to bring the matter to the sentencing court's attention. The sentencing court could then consider such proposed modification under 18 U.S.C. § 3583(e) and the Federal Rules of Criminal Procedure. The Court will not construe this § 2255 habeas action as a motion under Rule 32.1(b).

of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

In this case, Woody failed to directly appeal his sentence. He does not claim he is actually innocent of the crimes for which he received his sentence. He merely contests the constitutionality of the conditions of supervised release imposed by the district court. Thus the Court must only consider whether Woody established cause for his procedural default.

### III. ANALYSIS

In an effort to establish "cause" for his procedural default, Woody argues that he was denied the right to appeal his conviction and sentence.[2] Woody asserts that he was convicted and sentenced

---

[2] Woody does not assert that his counsel was ineffective.

3

on March 5, 2008, and that judgment was entered on March 7, 2008, thus putting the expiration of his 10-day window of appeal[3] at March 17, 2008. Woody argues that he could not meet this deadline because on March 14, 2008, he was removed from pre-trial detention and placed in transit with the United States Marshall's Service who shuttled him to three different facilities in the area until he reached his final place of incarceration in Seagoville, Texas, on March 19, 2008. Woody argues that because he was in transit, he had no access to a law library and was unable to file an appeal. He asserts that this establishes "cause" for his procedural default of his claims relating to the conditions of supervised release imposed upon him by the district court.

This court must determine if Woody was in fact denied his right to appeal by the actions of the United States Marshall's Service or abandoned that right through his own actions. A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Fifth Circuit has held that a waiver or abandonment of one's right to appeal a criminal conviction "will not be assumed unless the facts clearly support such an assumption." *Morris v. United States*, 503 F.3d 457, 458-59 (5th Cir.1974) (citations omitted). If there is no evidence that (1) the prisoner avoided normal appellate procedures for tactical purposes, and (2) the allegations, if true, would raise an issue as to whether the prisoner knowingly, understandingly, and voluntarily abandoned the appeal, then a court must hold an evidentiary hearing regarding the issue of waiver. *Id.* at 459 (citations omitted). However, mere "failure to follow prescribed procedural rules can likewise foreclose habeas review, absent a showing of both cause for

---

[3] The 10-day window relates to the deadline to file a Notice of Appeal.

the default and prejudice resulting from it." *Buckelew v. United States*, 575 F.2d 515, 519 (5th Cir. 1978).

During sentencing, the district court informed Woody of his rights to appeal and to appellate counsel. *See* Sentencing Transcript at p. 15. Woody was represented by counsel at sentencing and counsel did not withdraw after his sentence was entered. Thus, Woody could have requested that counsel file a Notice of Appeal. He does not assert that he did so. Moreover, Woody does not claim that he requested counsel to file a Notice of Appeal – he places all blame on being "in transit." However, Woody had almost a week prior to being placed "in transit" when he or his counsel have filed a Notice of Appeal.

Woody also failed to file any motion to extend the deadline to file a Notice of Appeal after he arrived in Seagoville. Federal Rule of Appellate Procedure 4 (b) (4) provides that "upon a finding of excusable neglect or good cause the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this rule 4(b)." Woody was in Seagoville, Texas, two days after the expiration of his deadline to file a Notice of Appeal. He does not allege that he did not have access to legal materials or counsel at this time. Thus, he had access to legal materials for a sufficient period of time to file a motion to extend time to file a Notice of Appeal. He failed to do so, and presents no excuse for this failure. Assuming that Woody's assertions are true, his period of a mere three to four days "in transit" does not account for his failure to file or to direct his attorney to file a Notice of Appeal or move to file out of time. The Court holds that Petitioner was not denied his right to appeal, but rather failed to follow proper procedures.

The Court concludes that Petitioner knowingly and intentionally abandoned his appeal. He cannot now claim denial of his right to appeal sufficient to establish cause for his procedural default under 28 U.S.C. § 2255. Accordingly, his claims regarding his conditions of supervised release are procedurally barred and cannot be raised now upon collateral review. For this reason the Court recommends that the District Court Deny Movant's Motion.

### III. RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** Tony Shannon Woody's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 39) **WITH PREJUDICE.**

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

6

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE